UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH WITCHARD,

      Petitioner,

v.                                                                    CASE NO. 6:16-cv-1254-Orl-37GJK
                                                                      (6:14-cr-112-Orl-37GJK)

UNITED STATES OF AMERICA,

      Respondent.

_____

**ORDER**

This case is before the Court on the following matters:

1.     Petitioner has filed a Motion for Recusal of Trial Judge (Doc. 3), wherein he maintains that the undersigned should disqualify himself, pursuant to 28 U.S.C. § 455(a) and (b)(2), from considering Petitioner's 28 U.S.C. § 2255 motion.   In support of the motion, Petitioner maintains that the undersigned exhibited extreme prejudice and bigotry toward him during his criminal case.   (Doc. 3 at 1).   Petitioner further notes that he filed a judicial complaint against the undersigned on January 11, 2016, because the undersigned "failed to protect his constitutional and civil rights from prosecutorial misconduct and government agents [sic] blatant violations of criminal law, in regards to manufacturing and filing [a] fraudulent arrest warrant" against Petitioner.   *(Id).* Petitioner further submitted a letter from the Eleventh Circuit Court of Appeals acknowledging receipt of his judicial complaint and notifying Petitioner of the procedural treatment of the complaint.   (Doc. 3-1).

Pursuant to 28 U.S.C. § 144,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.   A party may file only one such affidavit in any case.   It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (2016).   Likewise, 28 U.S.C. § 455 provides in relevant part that a federal judge must disqualify himself if his "impartiality might reasonably be questioned," if he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," or "the judge . . . has been a material witness concerning" the case.   28 U.S.C. § 455(a), (b)(1)-(2) (2016).   The test under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality."   *United States v. Chandler*, 996 F.2d 1073 (11th Cir. 1993).   Furthermore, for disqualification to be warranted under 28 U.S.C. § 455, a "judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case."   *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citing *Jaffe v. Grant*, 793 F.2d 1182, 1188 (11th Cir. 1986)).   Consequently, generally, "a judge's rulings in the same or a related case may not serve as the basis for a

recusal motion."   *Id.*   An exception to this rule "is the situation in which 'such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party.'"   *Jaffe*, 793 F.2d at 1189 (quoting *United States v. Phillips,* 664 F.2d 971, 1002–03 (5th Cir. 1981)).

Petitioner has not alleged facts sufficient to lead an objective observer to have a significant doubt about the undersigned's impartiality.   With respect to Petitioner's filing of a judicial complaint against the undersigned, "courts have . . . consistently held that a judge is not disqualified pursuant to § 455 'merely because a litigant sues or threatens to sue him.'" *Woodruff v. McLane*, No. CIV.A. 7:04-CV-96(HL), 2006 WL 3436045, at *1 (M.D. Ga. Nov. 29, 2006) (citing *United States v. Grismore,* 564 F.2d 929, 933 (10th Cir. 1977)).   Similarly, other courts have found that the filing of a judicial complaint does not warrant recusal.   *See, e.g., Smartt v. United States,* 267 F. Supp. 2d 1173, 1177 (M.D. Fla. 2003); *Woodruff*, 2006 WL 3436045, at *1; *United States v. Talley*, No. 3:06CR448-01 RV, 2007 WL 2208811, at *1 (N.D. Fla. July 27, 2007).   As recognized in *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005), "suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit."   The basis of Petitioner's judicial complaint seemingly stems from the undersigned's rulings in Petitioner's criminal proceedings.   Adverse orders do not themselves evidence bias.   *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001) (concluding "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.").   In sum, the undersigned does not harbor any bias

3

against Petitioner because of his filing a judicial complaint or otherwise, and a reasonable person, fully informed of the facts, would not question the undersigned's impartiality. Finally, Petitioner has not demonstrated that the undersigned has any personal bias or prejudice against Petitioner or personal knowledge of disputed evidentiary facts concerning the proceeding, nor has the undersigned been a material witness concerning the case.    Thus, Petitioner has failed to show that recusal is necessary, and Motion for Recusal of Trial Judge (Doc. 3) is **DENIED**.

2.    Petitioner filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255.    Upon consideration of the motion and in accordance with the *Rules Governing Section 2255 Proceedings for the United States District Courts*, it is **ORDERED** as follows:

(a)    The Government shall, within sixty (60) days from the date of this Order, file a response indicating why the relief sought in the motion should not be granted.

(b)    As part of the initial pleading required by paragraph (a) of this Order, the Government shall also:

> (1)    State whether Petitioner has used any other available federal remedies including any prior post-conviction motions and, if so, whether an evidentiary hearing was accorded to the movant in any federal court;
>
> (2)    Procure transcripts and/or narrative summaries in accordance with Rule 5(b) of the *Rules Governing Section 2255 Cases in the United States District Courts* and file them concurrently with the initial pleading;
>
> (3)    Summarize the results of any direct appellate relief sought

4

by Petitioner to include citation references and copies of appellant and appellee briefs from every appellate proceeding.[1]

> **(4)    Provide a detailed explanation of whether the motion was or was not filed within the one-year limitation period as set forth in 28 U.S.C. § 2255.**

(c)    Henceforth, Petitioner shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to the Government listed in the bottom of this Order.

(d)    Petitioner shall advise the Court of any change of address.   Failure to do so will result in the case being dismissed for failure to prosecute.

**DONE AND ORDERED** in Orlando, Florida, this <u>26th</u> day of July, 2016.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1
Joseph Witchard

Office of the United States Attorney

---

[1] The Government shall also indicate whether each claim was raised on direct appeal.   If any of the claims were not raised on direct appeal, the Government shall indicate whether it waives the defense concerning the failure to raise the claim on direct appeal.   *See Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994); *see also Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990).   If any of the claims were raised on direct appeal, the Government shall indicate whether it waives the defense concerning the relitigation of claims that were previously raised and disposed of on direct appeal.   *See United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

400 W. Washington Street, Suite 3100
Orlando, FL 32801