UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH WITCHARD,

    Petitioner,

v.                                              CASE NO. 6:16-cv-1254-Orl-37GJK
                                                    (6:14-cr-112-Orl-37GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

This case is before the Court on the following matters:

1.     Respondent's Motion for Leave to File Excess Pages (Doc. 16) is **GRANTED**.

2.     Petitioner has filed a Motion for Preliminary Injunction (Doc. 18). Petitioner asserts that he has established that the Government has covered up and concealed the unlawful acts committed by its co-conspirators Jeffrey Seeger and David Keith. (Doc. 18 at 4). Specifically, Petitioner argues that he has demonstrated that there was no grand jury indictment returned or arrest warrant issued as evidenced by the fact that the "falsified" arrest warrant was signed by a fictitious person, "J. Thigpen". (*Id*. at 1-7).

The Eleventh Circuit has fashioned a four-factor test for granting an injunction in this Court:

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (citations omitted). "The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539-40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). Therefore, "the relief sought in the motion [must] be closely related to the conduct complained of in the actual complaint." *Edler v. Gielow*, No. 3:08-cv-530-WS, 2009 WL 1660013, at *3 (N.D. Fla. June 15, 2009) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) and *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). Furthermore, "the persons from whom the injunctive relief is sought must be parties to the underlying action." *Id.* (citing *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

Further, Plaintiff must comply with Local Rule 4.05 and 4.06 of the Rules of the United States District Court for the Middle District of Florida and Federal Rule of Civil

Procedure 65 in drafting his motion. These rules govern this Court's decision as to whether an injunction shall issue.

In this case, Petitioner has failed to comply with the Local Rules in drafting his motion. Additionally, Petitioner has failed to demonstrate that there is a substantial likelihood that he ultimately will prevail on the merits of his claims or that he will suffer irreparable injury if the motion for preliminary injunction is not granted. Therefore, because Petitioner has failed to meet his burden with respect to each of the factors required for an injunction, it is hereby **ORDERED** that Petitioner's Motion (Doc. 18) is **DENIED**.

The Court will consider Petitioner's accompanying Reply to the Government's Response to the 28 U.S.C. § 2255 Motion (Doc. 18) in the disposition of the § 2255 Motion.

**DONE AND ORDERED** in Orlando, Florida, this <u>12th</u> day of December, 2016.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1 12/12
Joseph Witchard
Counsel of Record

4

Case 6:16-cv-01254-RBD-GJK   Document 19   Filed 12/12/16   Page 4 of 4 PageID 249