UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSEPH WITCHARD,**

    **Petitioner,**

v.                                       **Case No: 6:16-cv-1254-Orl-37GJK**
                                                   **(6:14-cr-112-Orl-37GJK)**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

### ORDER

THIS CAUSE is before the Court on Petitioner Joseph Witchard's Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) pursuant to 28 U.S.C. § 2255. Respondent filed a Response to the Motion to Vacate ("Response," Doc. 17) in compliance with this Court's instruction. Petitioner filed a Reply to the Response ("Reply," Doc. 18).

Petitioner asserts two grounds for relief. For the following reasons, the Motion to Vacate is denied.

### I. Procedural History

Petitioner was charged by Indictment with nine counts of mail fraud (Counts One through Nine) in violation of 18 U.S.C. §§ 1341 and 2, six counts of filing false claims (Counts Ten through Fifteen) in violation of 18 U.S.C. §§ 287 and 2, six counts of theft of government property (Counts Sixteen through Twenty One) in violation of 18 U.S.C. §§ 641 and 2, and nine counts of aggravated identity theft (Counts Twenty Two through

Thirty) in violation of 18 U.S.C. §§ 1028(a)(1) and 2. (Criminal Case No. 6:14-cr-112-Orl-37GJK, Doc. 1.)[1] A jury found Petitioner guilty of all counts. (Criminal Case, Doc. 96.) The Court sentenced Petitioner to a total term of 331 months of imprisonment. (Criminal Case, Doc. 109.) Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed. (Criminal Case, Doc. 144.)

## II. LEGAL STANDARD

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

A defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). *Strickland* applies to claims of ineffective assistance of appellate counsel. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). To determine whether appellate counsel rendered ineffective assistance, courts must examine the

---

[1] Criminal Case No. 6:14-cr-112-Orl-37GJK will be referred to as "Criminal Case."

merits of the argument counsel failed to raise. *See Miller v. Dugger,* 858 F.2d 1536, 1538 (11th Cir. 1988); Appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." *Id.*

### III. ANALYSIS

**A.   Ground One**

Petitioner contends the Court lacked subject matter jurisdiction because of prosecutorial misconduct. (Doc. 1 at 4.) In support of this ground, Petitioner argues that government agents manufactured and falsified the arrest warrant. (*Id*.) According to Petitioner, the Court did not issue an arrest warrant on April 30, 2014, but government agents induced a deputy clerk to date and stamp a fraudulent arrest warrant with that date. (Doc. 2 at 2.) Finally, Petitioner complains that the fraudulent arrest warrant was signed by a fictitious person, J. Thigpen, who had no legal authority to sign the warrant. (*Id.* at 3.)

This ground is without merit. The Grand Jury returned the Indictment charging Petitioner on April 30, 2014. (Criminal Case, Doc. 1.). On the same date, an arrest warrant was issued by the Clerk of Court. (Doc. Nos. 4, 10). J. Thigpen, a deputy clerk, issued and signed the arrest warrant. (*Id.*) Rule 9 of the Federal Rules of Criminal Procedure requires the clerk to sign an arrest warrant for a defendant charged in an indictment. Fed. R. Crim. P. 9(b). Consequently, the arrest warrant was not fraudulent and was not signed by a fictitious person or someone not legally authorized to sign it. Petitioner has failed to demonstrate any prosecutorial misconduct or that this Court lacked jurisdiction.

Accordingly, ground one is denied.[2]

### B. Ground Two

Petitioner asserts appellate counsel rendered ineffective assistance by failing to argue that the arrest warrant was fraudulent. (Doc. 1 at 5.) Petitioner has not established either deficient performance or prejudice. As discussed *supra*, the arrest warrant was not fraudulent and was issued by an individual legally authorized to do so. Appellate counsel was not deficient for failing to raise a non-meritorious issue, and a reasonable probability does not exist that the outcome of the proceeding would have been different had counsel done so. Accordingly, ground two is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED,** and this case is **DISMISSED** with prejudice.

2. Petitioner's Motion for Judgment on the Pleadings (Doc. 20) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:14-cr-112-Orl-37GJK and to terminate the motion (Criminal Case, Doc. 151) pending in that case.

---

[2] Petitioner summarily states that government agents gave "tainted" testimony to the Grand Jury and at trial. (Doc. 1 at 4.) Petitioner does not explain what the "tainted" testimony was. *See also* Doc. 2. Petitioner's summary contention is conclusory and without merit.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on July 3rd, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[3] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).